**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PAMELA HOSHAUER AND<br>CHARLES HOSHAUER W/H | : <br> : <br> : | CIVIL ACTION |
| | : | NO.  5:23-cv-02382-JMG |
| v. | : <br> : | **JURY TRIAL DEMANDED** |
| | : | |
| STATE FARM INSURANCE | : | |

**ANSWER OF DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INCORRECTLY DESIGNATED AS STATE FARM INSURANCE, TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys, Bennett, Bricklin & Saltzburg LLC, responds to the complaint as follows:

1.      Admitted that plaintiffs Pamela Hoshauer and Charles Hoshauer are adult individuals who are citizens of the Commonwealth of Pennsylvania.  After reasonable investigation, defendant is without sufficient knowledge or information to admit or deny whether plaintiffs presently reside at the address stated in paragraph 1 of the complaint.

2.      Denied as stated.  Defendant State Farm Mutual Automobile Insurance Company, incorrectly designated in the caption and complaint as State Farm Insurance, is a mutual insurance company organized under the laws of the state of Illinois where it has its principal place of business.  It is admitted that State Farm Mutual Automobile Insurance Company ("State Farm") is authorized to issue and does issue automobile insurance policies throughout the Commonwealth of Pennsylvania, including in the County of Berks.

3. Admitted that on January 29, 2021, the plaintiffs were named insureds under automobile insurance Policy No. 4007457-C29-38A issued to them by State Farm. The policy insured three vehicles, including the 2012 Chevrolet Cruze that plaintiff Pamela Hoshauer was operating on January 29, 2021 when she was involved in an accident. The policy (hereinafter "the Hoshauer policy") was issued with stacked underinsured motorist limits of $25,000/$50,000 for each of the three vehicles insured under the policy.

4. Admitted that the Hoshauer policy was issued with the full tort option.

5. Admitted that on January 29, 2021, plaintiff Pamela Hoshauer was involved in an accident while operating the 2012 Chevrolet Cruze insured by State Farm.

6. Admitted in part. It is admitted upon information and belief that plaintiff Pamela Hoshauer was involved in an accident on January 29, 2021 at or about the location described in paragraph 6 of the complaint. After reasonable investigation, State Farm is without sufficient knowledge or information to admit or deny whether the accident was caused by an underinsured tortfeasor or that Ms. Hoshauer sustained severe injuries as a result of the accident.

7. Admitted that the Hoshauer policy was issued with stacked uninsured and underinsured motorist limits of $25,000/$50,000 for the three vehicles insured under the policy.

8. Denied as stated. Upon information and belief, it is averred that the January 29, 2021 accident was caused by the negligence of Jeremiah Boatswain whose actions were insured by USAA Insurance Company under a policy which provided $100,000 in bodily injury liability coverage for plaintiffs' claims arising from the accident. State Farm is obligated to provide plaintiffs with underinsured motorist benefits only if it is established that the value of plaintiffs' injury claim against the tortfeasor exceeded $100,000. After reasonable investigation, State Farm does not have sufficient information to determine whether the value of plaintiffs' claim arising

from the accident exceeds $100,000 and, if so, to what extent the value of their claim may exceed that amount.

9. Denied. State Farm incorporates by reference paragraph 8 of this answer as if set forth here at length.

10. Denied. State Farm incorporates by reference paragraph 8 of this answer as if set forth here at length.

11. Paragraph 11 of the complaint does not contain any averments of fact which require a response. To the extent that any of the averments of paragraph 11 are deemed to be factual, State Farm acknowledges that it has an obligation to respond to plaintiffs' underinsured motorist claim in good faith and with reasonable foundation.

12. Denied. It is denied that State Farm breached any duties owed to the plaintiffs in responding to their claim for underinsured motorist benefits arising from the January 29, 2021 accident. On the contrary, State Farm has responded and will continue to respond to their claim in good faith and with reasonable foundation.

## COUNT I

13. State Farm incorporates by reference all of the preceding paragraphs of this answer as if set forth here at length.

14. Admitted in part. It is admitted upon information and belief that the January 29, 2021 accident was caused by the negligence of Jeremiah Boatswain. It is admitted that plaintiff Pamela Hoshauer sustained some injury as a result of the accident. After reasonable investigation, State Farm is without sufficient knowledge or information to admit or deny whether plaintiff sustained any or all of the specific injuries alleged in paragraph 14 of the complaint.

15. Admitted in part. It is admitted that plaintiff Pamela Hoshauer sought medical treatment for injuries that she allegedly sustained in the January 29, 2021 accident. After reasonable investigation, State Farm is without sufficient knowledge or information to admit or deny whether plaintiff Pamela Hoshauer expended "large sums of money for medicine and medical attention."

16. After reasonable investigation, State Farm is without sufficient knowledge or information to admit or deny the averments of paragraph 16 of the complaint.

17. Admitted. It is admitted upon information and belief that plaintiff Pamela Hoshauer experienced some physical pain as a result of the January 29, 2021 accident. After reasonable investigation, State Farm is without sufficient knowledge or information to admit or deny the remaining averments of paragraph 17 of the complaint.

## COUNT II

18. State Farm incorporates by reference all of the preceding paragraphs of this answer as if set forth here at length.

19. Admitted upon information and belief that Charles Hoshauer is the husband of plaintiff Pamela Hoshauer.

20. After reasonable investigation, State Farm is without sufficient knowledge or information to admit or deny the averments of paragraph 20 of the complaint.

**WHEREFORE**, defendant State Farm Mutual Automobile Insurance Company demands judgment in its favor.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs can recover underinsured motorist benefits from State Farm only if they can establish that the value of their injury claim arising from the January 29, 2021 accident exceeds $100,000.

### SECOND AFFIRMATIVE DEFENSE

The maximum amount of underinsured motorist benefits available and recoverable from State Farm for plaintiffs' underinsured motorist claim is $75,000 ($25,000 x 3 vehicles) regardless of the value of their injury claim against the tortfeasor.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' right to recover underinsured motorist benefits is controlled and limited by the provisions of the Hoshauer policy and the Pennsylvania Motor Vehicle Responsibility Law, 75 Pa.C.S. § 1701 *et seq*.

**WHEREFORE**, defendant State Farm Mutual Automobile Insurance Company demands judgment in its favor.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant/plaintiff on the counterclaim, State Farm Mutual Automobile Insurance Company, by and through its attorneys, Bennett, Bricklin & Saltzburg LLC, avers as follows:

1. Plaintiff on the counterclaim, State Farm Mutual Automobile Insurance Company ("State Farm"), is a mutual insurance company organized under the laws of the state of Illinois where it has its principal place of business. State Farm is authorized to transact business throughout the Commonwealth of Pennsylvania.

2. Defendants on the counterclaim, Pamela Hoshauer (hereinafter "Ms. Hoshauer") and Charles Hoshauer, are citizens of the Commonwealth of Pennsylvania.

3. On January 29, 2021, Ms. Hoshauer sustained injuries in a motor vehicle accident ("the accident") that occurred at or about the intersection of Route 3023 and Penn Avenue in Wyomissing, Berks County, Pennsylvania, which accident was caused by the negligence of Jeremiah Boatswain (hereinafter "the tortfeasor").

4. At the time of the accident, Ms. Hoshauer was operating a 2012 Chevrolet Cruze which was insured by State Farm under Policy No. 4007457-C29-38A that was issued to Charles Hoshauer, Sr. and Pamela Hoshauer (hereinafter "the Hoshauer policy"). The policy was issued to the Hoshauers in the Commonwealth of Pennsylvania to provide coverage for vehicles registered and garaged in Pennsylvania.

5. The Hoshauer policy was issued with stacked per person underinsured motorist limits of $25,000 for each of the three vehicles insured under the policy.

6. Alleging that the $100,000 in liability coverage available to the tortfeasor was insufficient to fully compensate them for the injuries that they sustained as a result of the accident, the Hoshauers have asserted a claim for underinsured motorist benefits against State Farm.

7. On November 29, 1996, the Hoshauers applied for automobile insurance coverage with State Farm for two vehicles. A true and accurate copy of the application is attached hereto as Exhibit "A."

8. In their application for coverage, the Hoshauers requested that the policy be issued with bodily injury liability limits of $100,000/$300,000 and stacked underinsured motorist limits of $25,000/$50,000.

9. In response to the application of the Hoshauers, State Farm issued to the Hoshauers an automobile insurance policy which, in accordance with the Hoshauers' application for coverage, provided bodily injury liability limits of $100,000/$300,000 and stacked underinsured motorist limits of $25,000/$50,000.

10. At the request for the Hoshauers, a third vehicle was added to the policy sometime prior to the January 29, 2021 accident.

11. When the third vehicle was added to the policy, State Farm did not obtain from the Hoshauers a new request in writing for underinsured motorist limits lower than the bodily injury liability limits of the policy.

12. When the third vehicle was added to the policy, the policy continued to be issued by State Farm with bodily injury liability limits of $100,000/$300,000 and stacked underinsured motorist limits of $25,000/$50,000 as the Hoshauers never requested that the limits of coverage be increased or reduced.

13. From the time of inception of the policy on November 29, 1996, through the time of the January 29, 2021 accident, the Hoshauers were charged and paid for stacked underinsured motorist limits of $25,000/$50,000 for each of the vehicles insured under the policy.

14. At no time prior to the January 29, 2021 accident did the Hoshauers request that the underinsured motorist limits of the policy be increased or reduced from $25,000/$50,000.

15. In responding to the claim for underinsured motorist benefits asserted by the Hoshauers, State Farm advised the Hoshauers, through their counsel, that the limit of underinsured motorist coverage afforded by the Hoshauer policy for their claim arising from the January 29, 2021 accident is $75,000 ($25,000 x 3 vehicles). It is the position of State Farm that the written

request of the Hoshauers in their application for lower underinsured motorist limits than bodily injury liability limits continued to be operative at the time of the accident.

16. The Hoshauers, through their counsel, have advised State Farm that because State Farm failed to obtain a new written request from them for lower underinsured motorist limits than bodily injury liability limits when the third vehicle was added to the policy, the policy was improperly issued with lower underinsured motorist limits than bodily injury liability limits when the accident occurred.

17. Counsel for the Hoshauers also has advised State Farm that it is the position of the Hoshauers that the limit of underinsured motorist coverage available for their claim should be $300,000 ($100,000 x 3 vehicles).

18. Given the dispute as to whether the limit of underinsured motorist coverage available for the Hoshauers' claim is $75,000 (as asserted by State Farm) or $300,000 (as asserted by the Hoshauers), and that the Hoshauers in this action are seeking to recover underinsured motorist benefits in an amount in excess of $75,000, the amount in controversy in this action, exclusive of interest and costs, is in excess of $75,000.

19. As long as the parties disagree concerning the limit of underinsured motorist coverage that State Farm is obligated to afford for the Hoshauers' claim, the possibility of the parties reaching an amicable resolution of the Hoshauers' claim is extremely remote.

20. Consequently, by way of this counterclaim for declaratory judgment, State Farm seeks a declaration that the limit of underinsured motorist coverage that it is obligated to afford the Hoshauers for their claim arising from the January 29, 2021 accident is $75,000.

**WHEREFORE**, defendant/plaintiff on the counterclaim, State Farm Mutual Automobile Insurance Company, requests this Honorable Court to enter judgment on the counterclaim in its

favor, by declaring that the limit of underinsured motorist coverage available to the Hoshauers is $75,000 for their claim for underinsured motorist benefits arising from the January 29, 2021 accident and to grant such other relief that the court deems appropriate.

                                        **BENNETT, BRICKLIN & SALTZBURG LLC**

           BY: */s/ Michael Saltzburg*
                            MICHAEL SALTZBURG
                            Attorney I.D. No. 19937
                            Centre Square, West Tower
                            1500 Market Street, 32nd Floor
                            Philadelphia, PA 19102
                            (215) 561-4300
                            saltzburg@bbs-law.com
                            Attorney for Defendant/Plaintiff on the Counterclaim,
                            State Farm Mutual Automobile Insurance Company

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA HOSHAUER AND<br>CHARLES HOSHAUER W/H | : | CIVIL ACTION |
| | : | |
| | : | NO.  5:23-cv-02382-JMG |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| STATE FARM INSURANCE | : | |

### CERTIFICATE OF SERVICE

The undersigned certifies that this document has been submitted electronically and is available for viewing and downloading from the United States District Court for the Eastern District of Pennsylvania Electronic Filing System. Service is thereby made on counsel who are registered to file electronically with the Eastern District of Pennsylvania; otherwise service will be made by way of e-mail and/or first class mail, postage pre-paid.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY: _/s/ Michael Saltzburg_

MICHAEL SALTZBURG
Attorney I.D. No. 19937
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
(215) 561-4300
saltzburg@bbs-law.com
Attorney for Defendant/Plaintiff on the Counterclaim,
State Farm Mutual Automobile Insurance Company

Date:  June 26, 2023

# EXHIBIT "A"

# APPLICATION FOR STATE FARM AUTOMOBILE INSURANCE

OFFICE USE: DEC 05 1996  725 4902 38

**Applicant:** Hoshauer, Charles & Pamela SR

State: PA

**Most Recent Liability Carrier:** Travellers
Policy No: 204 SX 003681S031 PCH
Current Expiration Date: 3-27-97

**Vehicle 1:** 88 Ford Festiva
Principal Operator: Pamela
Occupation: Nurse

**Vehicle 2:** 88 Jeep Cherokee
Mailing address: PO BOX 4900 HARRISBURG PA 17111
Principal Operator: Charles
Occupation: Specialist

### Rate

| Veh No | Driver | Mileage | Business | Farm | Utility | Multi Car | Dev Trn | Safe | Anti-theft | Good Student | Driver Training | Accident Free | Passive Restraint |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | H | 120 | 12,000 | 15,000 | | | | | | | | | |
| 2 | W | 110 | 11,000 | 93,000 | | | | | | | | | |

### Drivers

| # | Name | License | | Relationship | Occupation |
|---|---|---|---|---|---|
| 1 | Applicant | | | Applicant | Fire Specialist |
| 2 | Pamela Hoshauer | | | Spouse | Nurse |

### Violations/Accidents
3/93 - Steering column broke and lost control of vehicle

**Tort:** Full
**BI Limits:** 100/300/50
**Medical Payment Limits:** 5,000
**Funeral Benefits:** 1,500

Agent: D. DROBNICK  3995
WYOMISSING  F377

**BINDER EFFECTIVE DATE:** 11-29-96

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

of Bloomington, Illinois, hereby binds as of the requested effective date for a period of 30 days from such date, the insurance applied for, subject to all of the terms and conditions of the automobile policy and applicable endorsements in current use by such Company. The issuance by the Company of the policy applied for voids this binder.

Agent's Signature: Denise M Drobnick

**Uninsured Motor Vehicle Limits:** 25/50
**Underinsured Motor Vehicle Limits:** 25/50
**Extraordinary Medical Payments:** $1,000,000

I apply for the insurance indicated and state that (1) I have read this application, (2) my statements on this application are correct, (3) statements made on any other applications on this date for automobile insurance with this company are correct and are made part of this application, (4) I am the sole owner of the described vehicle except as otherwise stated, and (5) the limits and coverages were selected by me. IT IS UNDERSTOOD AND AGREED THAT NO INSURANCE IS EFFECTIVE UNDER THIS AGREEMENT (A) UNLESS THE BINDER IS COMPLETED DESIGNATING THE COMPANY ACCEPTING THIS APPLICATION AND SIGNED BY AN AUTHORIZED AGENT OF SUCH COMPANY OR (B) UNTIL THE DATE THE POLICY OR BINDER IS ISSUED BY THE COMPANY ACCEPTING THIS APPLICATION.

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION OR CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS SUCH PERSON TO CRIMINAL AND CIVIL PENALTIES.

Applicant's Signature: Charles S Hoshauer

Total: $218.44 / $323.98
$602.42  $301.21  $301.21

**Vehicle 1:** Limited Tort Premium Total: 235.53  Full Tort Premium Total: 278.44
**Vehicle 2:** Limited Tort Premium Total: 274.40  Full Tort Premium Total: 323.98

BASIC LIMITS PREMIUMS

| | Limits | Limited Tort Prem. | Full Tort Prem. | | Limits | Limited Tort Prem. | Full Tort Prem. |
|---|---|---|---|---|---|---|---|
| BIPD | 15,000/30,000/5,000 | 84.04 | 99.22 | BIPD | 15,000/30,000/5,000 | 84.04 | 99.22 |
| Med. | 5,000 | 17.70 | 20.80 | Med | 5,000 | 17.70 | 20.80 |

THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA, AS ENACTED BY THE GENERAL ASSEMBLY, ONLY REQUIRE THAT YOU PURCHASE LIABILITY AND FIRST-PARTY MEDICAL BENEFIT COVERAGES. ANY ADDITIONAL COVERAGES OR COVERAGES IN EXCESS OF THE LIMITS REQUIRED BY LAW ARE PROVIDED ONLY AT YOUR REQUEST AS ENHANCEMENTS TO BASIC COVERAGES.

135-4060 PA.47 Rev. 06-95  SEE IMPORTANT MESSAGES ON OTHER SIDE  OFFICE COPY

## TORT OPTIONS

The laws of the Commonwealth of Pennsylvania give you the right to choose either of the following two tort options:

A. "Limited Tort" Option - The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury" as set forth in the policy, or unless one of several other exceptions noted in the policy applies.

B. "Full Tort" Option - The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you may maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers.

If you wish to change the tort option that currently applies to your policy, you must notify your agent, broker or company and request and complete the appropriate form.

## IMPORTANT NOTICE

Insurance companies operating in the Commonwealth of Pennsylvania are required by law to make available for purchase the following benefits for you, your spouse or other relatives or minors in your custody or in the custody of your relatives, residing in your household, occupants of your motor vehicle or persons struck by your motor vehicle:

(1) Medical benefits, up to at least $100,000.

(1.1) Extraordinary medical benefits, from $100,000 to $1,100,000 which may be offered in increments of $100,000.

(2) Income loss benefits, up to at least $2,500 per month up to a maximum benefit of at least $50,000.

(3) Accidental death benefits, up to at least $25,000.

(4) Funeral benefits, $2,500.

(5) As an alternative to paragraphs (1), (2), (3) and (4), a combination benefit, up to at least $177,500 of benefits in the aggregate or benefits payable up to three years from the date of the accident, whichever occurs first, subject to a limit on accidental death benefit of up to $25,000 and a limit on funeral benefit of $2,500, provided that nothing contained in this subsection shall be construed to limit, reduce, modify or change the provisions of section 1715(d) (relating to availability of adequate limits).

(6) Uninsured, underinsured and bodily injury liability coverage up to at least $100,000 because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for these coverages, except for policies issued under the Assigned Risk Plan. Also, at least $5,000 for damage to property of others in any one accident.

Additionally, insurers may offer higher benefit levels than those enumerated above as well as additional benefits. However, an insured may elect to purchase lower benefit levels than those enumerated above.

Your signature on this notice or your payment of any renewal premium evidences your actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits you have selected.

If you have any questions or you do not understand all of the various options available to you, contact your agent or company.

If you do not understand any of the provisions contained in this notice, contact your agent or company before you sign.

Signature of Applicant _____ Date 11-29-96

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
#### Accident Record Rating Plan

ACCIDENT-FREE DISCOUNT - Policyholders without chargeable accidents receive State Farm's lowest accident-free rates. For certain classes of vehicles a 10% discount applies (but not for all coverages) if your car or the car that it replaces has been continuously insured with State Farm for at least three years and there have been no chargeable accidents (or it has been three years since an accident surcharge was initiated). This discount is increased to 15% after another three years (total of six years). This discount applies as long as your car or the car it replaces remains continuously insured with State Farm and there are no chargeable accidents. Chargeable accidents are those for which State Farm paid at least $850 in property damage liability, or in the event of a one car accident, under Collision coverage.

SURCHARGES - Policyholders with chargeable accidents may lose their accident-free discount and receive accident surcharges. If the accident is the first in nine years and your car or the car that it replaces has been continuously insured with State Farm for at least nine years, the accident-free discount will continue and no surcharge will be applied. Only certain classes of vehicles and coverages are subject to these surcharges. The surcharge for each accident depends upon the number and timing of the accidents. Each surcharge will remain in effect for three years from the renewal date on which it first takes effect.

### STATE FARM FIRE AND CASUALTY COMPANY
#### Accident and Violation Records

STANDARD RISK DISCOUNT - For certain classes of vehicles this discount applies (but not to all coverages) if the principal operator has been licensed for at least three years, the combined driving record of all operators of the car contains no major driving violations and no more than one minor driving citation or chargeable accident during the past three years; and liability insurance on this car (or the one it replaced) has been maintained for the past 12 months. The discount does not apply on renewal if you previously did not qualify for it and there has been a chargeable accident in the past three years.

SURCHARGES - Chargeable accidents will result in a surcharge. Chargeable accidents are those which resulted in bodily injury, death, or damage to any property in the amount of $850 or more. Only certain classes of vehicles and coverages are subject to these surcharges. The surcharge for each accident depends on your prior record and will apply for up to three years.

An additional surcharge applies if all operators combined have had three or more minor driving citations and/or chargeable accidents or a major violation during the past three years.

**Note: State Farm Mutual Automobile Insurance and State Farm Fire and Casualty Companies -** Surcharges will be removed if satisfactory evidence is furnished that the driver involved is no longer a member of the household or will not be driving the car in the future. If that driver is insured on another State Farm policy, his or her driving record will be considered in the rating of the other policy.

Complete details of these programs are available from your State Farm agent.

Passive restraint, passive anti-theft device, and driver improvement course discounts are available for drivers who meet the requirements of Pennsylvania law.

*PRIOR DAMAGE DIAGRAM*

