IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA HOSHAUER, *et al.*, : | |
|     Plaintiffs, : | |
| : | |
| v. : | Civil No. 5:23-cv-02382-JMG |
| : | |
| STATE FARM INSURANCE, : | |
|     Defendant. : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                           September 28, 2023

      Plaintiffs, the Hoshauers, assert a claim for underinsured motorist benefits under their policy with Defendant/Counterclaimant, State Farm Mutual Automobile Insurance Company ("State Farm"), resulting from an accident with an underinsured motorist. The parties dispute the limit of underinsured motorist coverage available. State Farm now requests this Court enter summary judgment in favor of its counterclaim for declaratory judgment by declaring that the limit of underinsured motorist coverage available for the Hoshauers' claim is $75,000. For the following reasons, summary judgment is granted in State Farm's favor.

**I.  FACTUAL BACKGROUND**

      The underlying facts of the case are not in dispute, and the parties have submitted a stipulation of facts detailing the following. Stipulation of Facts, ECF No. 11. On January 29, 2021, Plaintiff Pamela Hoshauer was involved in a motor vehicle accident ("the accident") at or about the intersection of Route 3023 and Penn Avenue in Wyomissing, Berks County, Pennsylvania. *Id.* ¶ 3. The sole proximate cause of the accident was deemed to be the negligence

of an underinsured motorist. *Id.* ¶¶ 4,15. Ms. Hoshauer was operating one of three vehicles insured by State Farm under Policy No. 4007457-C29-38A ("the Hoshauer policy"). *Id.* ¶ 5.

The Hoshauers originally obtained the Hoshauer policy on November 29, 1996, for two vehicles. *Id.* ¶ 7. At that time, they requested bodily injury liability limits of $100,000/$300,000 and stacked underinsured motorist limits of $25,000/$50,000, which was issued by State Farm. *Id.* ¶¶ 8-9. Subsequently, and prior to the January 29, 2021, accident, a third vehicle was added to the policy. *Id.* ¶ 10. State Farm did not obtain a new written request for underinsured motorist limits lower than the bodily injury liability limits of the policy from the Hoshauers, nor did the Hoshauers request a change from their currently issued policy terms. *Id.* ¶¶ 11,13. The policy continued to be issued by State Farm with bodily injury liability limits of $100,000/$300,000 and stacked underinsured motorist limits of $25,000/$50,000, and the Hoshauers were charged and paid accordingly. *Id.* ¶ 14.

The Hoshauers commenced this action in the Court of Common Pleas of Berks County alleging that the addition of the third car to their policy rendered the previous previsions void, as they should have been given the opportunity to modify and/or increase the policy. *See generally*, ECF Nos. 1, 15. State Farm removed the action to this Court and filed an answer to the complaint with affirmative defenses and a counterclaim for declaratory judgment. *See*, ECF No. 1, 6. State Farm seeks a declaration that the limit of underinsured motorist coverage available for the Hoshauers is $75,000 ($25,000 x 3 vehicles), but the Hoshauers assert that State Farm is obligated to pay $300,000 in underinsured motorist coverage. ECF No. 12-15.

## II.     SUMMARY JUDGMENT

### A.     Standard

Summary judgment is properly granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are material if they "might affect the outcome of the suit under the governing law." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute as to those facts is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248). "We view all the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Id.* (internal quotation marks and citation omitted).

The party moving for summary judgment must first "identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In response, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Anderson*, 477 U.S. at 252). Where, as here, "the non-moving party bears the burden of persuasion at trial, the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (internal quotation marks and citation

omitted); *see also Hollingsworth v. R. Home Prop. Mgmt., LLC*, 498 F. Supp. 3d 590, 600 (E.D. Pa. 2020).

Here, the parties do not dispute the underlying facts of the case. The only question brought on summary judgment regards the liability limit for underinsured motorist coverage on the Hoshauer policy. This is a question of law and can be properly decided on summary judgment.

**B. Declaratory Judgment**

    a. **Limiting Uninsured and Underinsured Coverage**

Section 1731 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), mandates that an insurer offer uninsured and underinsured motorist coverage to persons applying for automobile insurance for vehicles registered or principally garaged in the Commonwealth. 75 Pa.C.S. § 1731. A named insured may request in writing that the uninsured and underinsured coverage equals or is less than the limits of liability for bodily injury under the policy. 75 Pa.C.S. § 1734.[1] The Supreme Court of Pennsylvania found that an application for insurance requesting lower uninsured/underinsured motorist coverage limits compared to the requested bodily injury limits constitutes a valid request for lower limits of underinsured motorist coverage under 75 Pa.C.S. § 1734. *Orsag v. Farmers New Century Ins.,* 15 A.3d 896, 899 (Pa. 2011); *See also*, *Gibson v. State Farm Mut. Auto Ins. Co.,* 994 F.3d 182 (3d Cir. 2021).

It is undisputed that on November 29, 1996, the Hoshauer's requested and were issued a policy with bodily injury limits of $100,000/$300,000 and uninsured/underinsured motorist limits of $25,000/$50,000. ECF No. 11 ¶8. The application constituted a valid written request

---

[1] "The language of Section 1734 is clear on its face; all that is required to request lower limits of coverage is a writing requesting the same from a named insured." *Leymeister v. State Farm Mut. Auto. Ins. Co.*, 100 F.Supp.2d 269, 272 (E.D. Pa. 2000).

for lower limits of underinsured motorist coverage, as required under 75 Pa.C.S. § 1734. Therefore, it is not disputed that the Hoshauers' fulfilled the requirements of § 1734 in 1996.

### b. Addition of a New Vehicle to an Existing Policy

The Hoshauer's claim that the addition of the third vehicle to their policy required State Farm to obtain a new request for lower uninsured/underinsured coverage. This is not supported by current Pennsylvania case law.

When an additional vehicle is added to an existing policy with lower uninsured/underinsured limits than bodily injury limits by someone with "ample opportunity to alter the coverage under the policy, having received ongoing notice of the amount of coverage under [their] policy, and having paid premiums that took such coverage limits into account…[they are] bound by the [previous] coverage choices." *Kidd v. State Mut. Auto. Ins. Co.,* 2015 U.S. Dist. LEXIS 172311 *20 (M.D. Pa. 2015) (quoting, *Nationwide Mutual Ins. v. Buffetta*, 230 F.3d 634, 642 (3d Cir. 2000)). In *Kidd*, the court found that the plaintiff had ample opportunity and notice to alter a formerly signed sign-down agreement executed by her husband prior to him adding her and an additional vehicle to his insurance. *Id.* at *19. The court focused on the fact that the plaintiff could have inquired about the coverage under their plan and that she paid the reduced premiums every month. *Id.* at *22; *See also*, *Kimball v. Cigna Ins. Co.*, 660 A.2d 1386, 1387 (Pa. Super. 1994) (finding, to allow a plaintiff to "remain silent on the issue of increased coverage, while reaping the benefits of reduced rates, would be to reward inaction"); *Guglielmelli v. State Farm Mut. Auto. Ins.,* 72 F. Supp 3d 588, 593 (E.D. Pa. 2014) (stating, "moreover, where the new insured is notified of the uninsured/underinsured limits that were pre-existing under the policy, and [she] benefits from reduced premiums as a result of the lowered liability limits, the onus of adjusting the limits falls on that insured").

Here, not only were the Hoshauers informed of the previous reduction request, but they also executed the request. ECF No. 11 ¶8.[2] They had ample opportunity to alter their current coverage policy but continued to pay the lower monthly premiums. Id. ¶14.  By doing so, they acquiesced to their current coverage plan and benefited from the reduced premiums. Therefore, the onus of adjusting the limits fell upon them. As stated in *Kimball*, permitting them to alter their coverage after the occurrence of an accident would be to reward inaction. The court has consistently addressed and struck this argument down under strikingly similar fact patterns.

Plaintiffs rely on the holding in *Sackett v. Nationwide Mutual Insurance Co.* to support their assertion that it was Defendant's responsibility to obtain another written request for reduced coverage from the Hoshauers after the addition of the third vehicle and the fact that Defendant did not, renders the previous previsions inapplicable. *Sackett v. Nationwide Mutual Insurance Co.*, 594 Pa. 45 (Pa. 2007) ("*Sackett II*"); *See*, Pl. Brief, ECF No. 15. In *Sackett II*, the Pennsylvania Supreme Court held insurers must obtain a new rejection of stacking form under 75 Pa.C.S. § 1738 when a new car is added to a preexisting policy that waives stacking. *Id.* at 48-50. Additionally, Plaintiff's brief cites 75 Pa.C.S. § 1738, stating "each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to *waive* the stacked limits of coverage and instead purchase coverage as described in the subsection." ECF No. 15 (emphasis added).

The Court in *Guglielmelli* highlights the reasons Plaintiff's argument is misplaced. *Guglielmelli*, 72 F. Supp 3d at 594.  In *Guglielmelli*, the plaintiff asserted that the defendant

---

[2] Although the application was only signed by Plaintiff Charles Hoshauer, Plaintiff Pamela Hoshauer was always a party to the policy. Further, Plaintiffs do not contend that Ms. Hoshauer is not bound by the reduction of coverage because she did not sign the application. Instead, they solely claim that the addition of the third vehicle rendered the reduction provision inapplicable.

insurer had an obligation to obtain a sign-down form from her, even though another named insured on the policy previously signed a form reducing the uninsured and underinsured motorist liability limits. *Id.* at 590. After the form was signed, plaintiff and the other named insured replaced one of the vehicles on the policy with another vehicle. *Id.* While the prior vehicle was jointly owned, the replacement vehicle was titled only in the plaintiff's name. *Id.* Plaintiff was subsequently involved in a motor vehicle accident while driving the replacement covered vehicle. *Id.* at 591. Plaintiff asserted that the sign-down form was not binding on her, as the replacement and change of ownership of the vehicle required the insurer to obtain a new sign-down form. *Id.* The court rejected this argument and ruled that Defendant had no obligation to obtain another written request for reduced coverage from the plaintiff, as this is not a requirement of 75 Pa.C.S. § 1734.[3] *Id.* at 594.

The Hoshauer's claims, like the claims of the plaintiff in *Guglielmelli*, arise out of 75 Pa.C.S. § 1734, not 75 Pa.C.S. § 1738. "§ 1738 considers the rejection of stacking benefits – a consideration wholly separate from the reduction of uninsured/underinsured limits of liability." *Id.* While the Hoshauer's added a new vehicle, and did not replace an existing vehicle, this fact is not dispositive to the analysis that the two sections of the MVFRL have separate requirements.[4] Relevant case law does not support the Plaintiff's position that the holding in Sackett II is applicable to their case.

---

[3] *See also*, *Geist v. State Farm Mut. Auto. Ins. Co.*, 49 F.4th 861, 866 (3d Cir. 2022) (holding, MVFRL did not require insurer to seek a new written election for lower UIM-coverage limits when a new car was added to policy).

[4] The Court in *Guglielmelli* stated "*moreover*…[the car] was a replacement vehicle." *Guglielmelli*, 72 F. Supp 3d at 594. The use of the term "moreover" after already concluding that *Sackett II* does not apply to § 1734 shows that whether a vehicle is a replacement to an existing covered vehicle is not dispositive to the analysis.

### III. CONCLUSION

Summary judgment is warranted in State Farm's favor because, pursuant to Pennsylvania law, the underinsured motorist policy selected and paid for by the Hoshauers entitles them to a maximum of $75,000 in coverage. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge